UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:25-cv-02668-MWC-Ex                                              Date: December 8, 2025

Title:  Omar Jimenez Vazquez v. David A. Marin *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:
N/A                                                                  N/A

**Proceedings: (IN CHAMBERS) Order GRANTING IN PART Petitioner's Application for Temporary Restraining Order (Dkt. 6)**

  Before the Court is Petitioner Omar Jimenez Vazquez's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") requiring Respondents David Marin, Todd Lyons, United States Immigration and Customs Enforcement ("ICE"), Kristi Noem, United States Department of Homeland Security ("DHS"), and Pamela Bondi (collectively, "Respondents")[1] to provide various forms of relief. *See* Dkt. # 6 ("*App.*").  Specifically, Petitioner asks the court to "enjoin[] Respondents from continuing to hold Petitioner detained," "order[] Respondents to immediately release" him, or "afford him a reasonable bond" pending further proceedings. *See App.* 14.  Respondents have not yet opposed the Application, though Petitioner did not

---

[1] The Application lists David Marin as the Los Angeles Field Office Director for Immigration and Customs Enforcement and Removal Operations; Todd Lyons as the Acting Director of ICE; Kristi Noem as the Secretary of the Department of Homeland Security; and Pamela Bondi as the Attorney General of the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-02668-MWC-Ex                                    Date: December 8, 2025

Title:    Omar Jimenez Vazquez v. David A. Marin *et al.*

indicate that his counsel properly notified Respondents of the Application.[2]  For the reasons set forth below, the Court **GRANTS IN PART** the Application.[3]

I.     Background

The Application details that Petitioner is a citizen of Mexico who fled to the United States.  *See App.* 1.  On August 24, 2022, an Immigration Judge in Santa Ana, California, granted Petitioner withholding of removal and Convention Against Torture Protection.  *Id.*

Petitioner has a work permit under the "C18" category and is currently employed at a car wash.  *Id.* 2.  He resides in Orange County, California, and is married.  *Id.*  His wife is currently "in the initial stages of pursuing a U Visa, which, if approved, would afford him derivative benefits."  *Id.*

Respondents took Petitioner into custody at a routine ICE check-in on November 18, 2025.  *Id.*  Petitioner has no criminal record, no "actual or alleged gang affiliation," and has since been held without bond.  *Id.*  He also avers that he is facing removal to an undisclosed country.

Petitioner notes that he submitted a "motion to reopen" to the Immigration Judge in Santa Ana on November 28, 2025.  *Id.*  The goal of his motion is for that judge to provide a hearing concerning his removal to a country where he may face persecution or torture,

---

[2] Petitioner's Application does not suggest that he complied with the Local Rules to orally notify Respondents of the Application.  The Court does not take lightly Petitioner's counsel's dereliction of the obligation to comply with the Court's rules.  Due to the exigent circumstances regarding Petitioner's detention and lack of due process, the Court will rule on the Application, but the Court will not excuse any further disregard of its rules.

[3] The Court grants Petitioner's Application at this stage only to the extent that Respondents must provide an individualized bond hearing before an Immigration Judge within seven days of this Order.  Respondents also may not remove Petitioner from the country for the pendency of these proceedings or thereafter violate the protections afforded to Petitioner under the Convention Against Torture.  If Respondents fail to provide Petitioner a bond hearing within seven days, however, they must release Petitioner from detention immediately.  If following his bond hearing Petitioner still wishes to seek the additional relief he currently requests, he may do so via his motion for preliminary injunction, which the Court sets for hearing below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-02668-MWC-Ex                                                        Date: December 8, 2025

Title:      Omar Jimenez Vazquez v. David A. Marin *et al.*

but Petitioner acknowledges that "there are no real procedures [for] this type of motion" and "no guarantee the Judge will consider that motion." *Id.*

Accordingly, on November 28, 2025, Petitioner also filed his petition for writ of habeas corpus. *See* Dkt. # 1. On December 3, 2025, he filed the Application. *See App.*

II.     Appropriate Form of Relief

The Court must first clarify the relief under consideration. As the Court has previously outlined, it remains mindful of its limited role and will not invade the province of the executive to effectively enforce the nation's immigration laws. *See Zaiko v. Janecka*, No. 2:25-cv-08646-MWC-AGR, 2025 WL 3049856, at *3 (C.D. Cal. Sept. 15, 2025). Where possible to both ensure that immigration detainees receive the requisite due process and avoid the risk of overstepping its judicial authority, the Court must balance such considerations accordingly. Because Petitioner has yet to receive a bond hearing, which may provide him release from detention through the Immigration Courts rather than an Article III Court, ordering a bond hearing is a more limited form of relief than granting bond or immediately ordering his release. Ordering a bond hearing also avoids invading the province of the Immigration Courts, which are most often the appropriate forum to consider an immigration detainee's request for bond. The Court notes that, in light of the Board of Immigration Appeals' decision in *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), Petitioner will not otherwise receive access to a bond hearing through the Immigration Courts.

III.    Legal Standard

   A.     *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:25-cv-02668-MWC-Ex | Date: December 8, 2025 |
| Title:  Omar Jimenez Vazquez v. David A. Marin *et al.* | |

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

      B.    <u>Temporary Restraining Orders</u>

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

IV.    <u>Discussion</u>

      A.    <u>*Ex Parte* Application and *Mission Power* Factors</u>

The Court finds that Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since November 18, 2025, without access to a bond hearing. This detention has deprived Petitioner of any process to advocate for his release. If the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:25-cv-02668-MWC-Ex | Date: December 8, 2025 |
| Title:  Omar Jimenez Vazquez v. David A. Marin *et al.* | |

heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days. Though Petitioner could have sought the TRO sooner, the fact that he provided ICE time to give him some additional due process cannot cut against him. However, after weeks in continued detention without a bond hearing, the Court finds *ex parte* relief warranted. *See Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *2 (C.D. Cal. Sept. 8, 2025) ("The Court finds that petitioners' *ex parte* request for relief is appropriate because petitioners allege that their continued detention without bond hearings, which they would be entitled to under 8 U.S.C. 1226(a), constitutes irreparable injury." (citation omitted)).

    B.    <u>Request for Bond Hearing</u>

        *i.*    *Jurisdiction*

First, the Court finds that it has jurisdiction to rule on the TRO. Based on the Court's experience with applications resembling Petitioner's, *see, e.g.*, *Tomas v. Noem*, 5:25-cv-02786-MWC-DTB, Dkt. # 7, Respondents would likely reiterate the position that they took in *Bautista v. Santa Cruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), Dkt. # 8 (brief filed July 24, 2025). There, they argue that the Court lacks jurisdiction under 8 U.S.C. § 1252 to order a bond hearing. For clarity, the Court will address Respondents' jurisdiction argument here.

In laying out their argument, Respondents typically point to two provisions in the relevant statute: § 1252(b)(9) and § 1252(g).

8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-02668-MWC-Ex                                                                  Date: December 8, 2025

Title:        Omar Jimenez Vazquez v. David A. Marin *et al.*

> provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

In interpreting the statute, *Jennings v. Rodriguez*, 583 U.S. 281 (2018), is instructive. The Supreme Court determined that the "arising from" language of § 1252(b)(9) does not mean that the provision covers every action that technically follows the commencement of removal proceedings, as that would bar judicial review of questions of law and fact that are unrelated to the removal proceeding until there was a final order of removal. *Jennings*, 583 U.S. at 292–95. Like the class in *Jennings*, Petitioner here is "not asking for review of an order of removal," nor is he "challenging any part of the process by which [his] removability will be determined." *Id.* at 294. Rather, he merely seeks to challenge his current detention. *See generally App.* "Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 582 U.S. at 294–95 (footnote omitted).

Respondents have also previously cited § 1252(g) to support their argument that the Court lacks jurisdiction to rule on the TRO. That section reads:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter*.

8 U.S.C. § 1252(g) (emphasis added). The same reasoning that applies to § 1252(b)(9) applies to § 1252(g). *See Jennings*, 583, U.S. at 294 ("We did not interpret [§ 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999))). Since Petitioner's seeking a bond hearing does not challenge any decision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:25-cv-02668-MWC-Ex | Date: December 8, 2025 |
| Title:  Omar Jimenez Vazquez v. David A. Marin *et al.* | |

to commence proceedings, adjudicate cases, or execute removal orders, the Court finds that § 1252(g) does not present a jurisdictional bar to judicial review. *See Mosqueda*, 2025 WL 2591530, at *3; *Henberto Arreola Armenta v. Noem*, No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025), Dkt. # 7, 3.

   *ii.*  Winter *Factors*

  The Court finds that Petitioner is entitled to a TRO ordering a bond hearing before an Immigration Judge.  The Court will discuss each of the *Winter* factors in turn.

   *a.*  *Likelihood of Success on the Merits*

  First, Petitioner is likely to succeed on the merits because 8 U.S.C. § 1226(a) applies to him and authorizes a bond hearing.  8 U.S.C. § 1226(a) states, in part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) and pending such decision, the Attorney General—
>   (1) may continue to detain the arrested alien; and
>   (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. § 1226(a).  *Jennings* clarified that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."  583 U.S. at 306 (citing 8 C.F.R. § 1236.1(d)(1)); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including . . . an initial bond hearing before a neutral decisionmaker.").

  The Court reaches this determination despite the BIA's *Yajure Hurtado* decision, which held that 8 U.S.C. § 1225(b)(2)(A) strips Immigration Judges of the authority to hear bond requests or grant bond to individuals who are present in the United States without admission.  *See generally* 29 I. & N. Dec. 216.  8 U.S.C. § 1225(b)(2)(A) reads: "in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-02668-MWC-Ex                                            Date: December 8, 2025

Title:   Omar Jimenez Vazquez v. David A. Marin *et al.*

case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal proceeding]." 8 U.S.C. § 1225(b)(2)(A).

The Court finds the idea that Respondents have detained Petitioner pursuant to § 1225(b)(2)(A) unpersuasive. Analyzing this provision alongside § 1226(a), and "giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous," *Shulman v. Kaplan*, 58 F.4th 404, 410–11 (9th Cir. 2023), § 1226(a) and § 1225(b)(2)(A) apply to different sets of noncitizens. Section 1226(a) applies to those individuals who are already in the country and detained, while § 1225(b) applies "primarily to aliens *seeking entry into the United States.*" *Jennings*, 583 at 281, 297 (emphasis added); *Mosqueda*, 2025 WL 2591530, at *5. As such, Petitioner has demonstrated his entitlement to a bond hearing.

Nor does Petitioner need to appeal to the BIA before this Court can order a bond hearing. To be sure, the Ninth Circuit counsels that "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citing *Morrison-Kundsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). But the Ninth Circuit has also held that "aliens need not exhaust in cases 'where resort to the agency would be futile.'" *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 895 (9th Cir. 2021) (quoting *Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004)). "[W]here the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required." *Sun*, 370 F.3d at 943.

Here, there is no question that the BIA has already ruled on Petitioner's entitlement to a bond hearing, interpreting the relevant statute against providing such relief. *See Yajure Hurtado*, 29 I. & N. Dec. 216. Because Petitioner's appeal to the BIA would be futile, the Court can grant the requested bond hearing without Petitioner appealing to the BIA first. Accordingly, the Court finds that Petitioner is likely to succeed on the merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:25-cv-02668-MWC-Ex | Date: December 8, 2025 |
| Title:  Omar Jimenez Vazquez v. David A. Marin *et al.* | |

        *b.*        *Irreparable Harm*

    "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  The Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without the bond hearing he is entitled to under § 1226(a). *See Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144–45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).  Accordingly, this factor weighs in favor of granting the TRO.

        *c.*        *Balance of Equities and Public Interest*

    As detailed above, the last two Winter factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).  As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018).  Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging a policy that is likely in violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

    Accordingly, and in light of the other factors that the Court has already examined, Petitioner is entitled to a bond hearing before the Immigration Court.

        C.        <u>Enjoining Removal from Country</u>

    The Application details that Respondents may remove Petitioner from the country imminently. *See generally App.*  If Respondents did so during the pendency of these proceedings, that would frustrate the Court's ability to provide the relief it now grants.  It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-02668-MWC-Ex                                                    Date: December 8, 2025

Title:     Omar Jimenez Vazquez v. David A. Marin *et al.*

is within the Court's power to grant incidental relief necessary to effectuate its order. *See Dominguez v. Dep't of Mental Health*, No. CIV S-06-0301 GEB CKD P, 2012 WL 1576001, at *3 (E.D. Cal. May 3, 2012) ("A federal court may order measures ancillary to the appropriate prospective relief." (citing *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)).

Additionally, Petitioner argues that his removal to a third country may violate the Convention Against Torture. *See generally App.* Congress has provided that "it shall be the policy of the United States not to expel, extradite, or otherwise effect the involuntary return of any person to a country in which there are substantial grounds for believing that the person would be in danger of being subjected to torture." *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (citing Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105–277, Div. G, Title XXII, § 2242, 112 Stat. 2681–822 (1998) (codified as a note to 8 U.S.C. § 1231 (1999))). The District Court's authority to enjoin the government from taking actions not authorized by any regulation or statute—or in contravention thereof—is well-recognized. *See Al Otro Lado, Inc. v. McAleenan*, 423 F> Supp. 3d 848, 866 (S.D. Cal. 2019).

Accordingly, the Court enjoins Respondents from removing Petitioner for the pendency of these proceedings or thereafter violating the protections afforded to him under the Convention Against Torture.

V.     Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** the Application. Respondents must provide Petitioner with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this Order. Respondents also may not remove Petitioner from the country for the pendency of these proceedings or thereafter violate the protections afforded to Petitioner under the Convention Against Torture. If Respondents fail to provide Petitioner a bond hearing before an Immigration Judge by **end of day on December 15, 2025**, Respondents must release Petitioner immediately. A preliminary injunction hearing is set for **December 19, 2025**, at 1:30 p.m. in Courtroom 6A. Petitioner shall file his opening brief and all related submissions by 12 p.m. on December 16, 2025. Respondents shall file their opposition brief and all related submissions by 12 p.m. on December 18, 2025. Petitioner shall file his reply brief by 10 a.m. on December 19, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:25-cv-02668-MWC-Ex                                    Date: December 8, 2025

Title:  Omar Jimenez Vazquez v. David A. Marin *et al.*

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |